IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Johnathan Martia Daniels, | ) | C/A No.: 3:20-1051-DCN-SVH |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Siemens Smart Infrastructure; | ) | |
| Siemens U.S.A.; Siemens | ) | |
| Aktiengesellschaft; Joe Kaeser; | ) | |
| and Michael Conaghan, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Johnathan Martin Daniels ("Plaintiff") sues Siemens Smart Infrastructure; Siemens U.S.A.; Siemens Aktiengesellschaft; Joe Kaeser; and Michael Conaghan (collectively "Defendants") for alleged violations of his civil rights during his employment.[1] Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"); and 42 U.S.C. § 1981.

---

[1] Plaintiff's complaint does not indicate which of these entities was his employer, alleging only that Siemens Smart Infrastructure and Siemens USA are subsidiaries of Siemens Aktiengesellschaft. Plaintiff refers to the three entities collectively as Siemens in his complaint. Additionally, he alleges Conoghan is a Human Resources consultant for Siemens and Kaeser is President and Chief Executive Officer of Siemens Aktiengesellschaft. [ECF No. 1-1 at 1–2].

This matter comes before the court on Plaintiff's motion to amend his complaint [ECF No. 19] and his motion for an extension of time to respond to the court's June 17, 2020 order [ECF No 20]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

I.    Procedural History

Plaintiff filed his complaint on March 13, 2020. [ECF No 1]. On June 17, 2020, the Honorable Bristow Marchant, United States Magistrate Judge, issued an order directing Plaintiff to bring this case into proper form by July 8, 2020, by providing a copy of his right to sue letter from the Equal Employment Opportunity Commission and to provide service documents for all defendants, including two defendants residing outside of the United States, Siemens Aktiengesellschaft and Kaeser ("Foreign Defendants"). [ECF No. 9]. Judge Marchant's order noted that Foreign Defendants needed to be served in compliance with the requirements of the Hague Convention, which requires translations of the documents to be served among other specific service requirements. *Id.* at 2–3.

On July 9, 2020, this matter was reassigned to the undersigned upon Judge Marchant's retirement. [ECF No. 12]. On July 13, 2020, Plaintiff filed a motion to amend his complaint [ECF No. 19] and a motion for an extension [ECF No. 20]. Plaintiff's motion to amend seeks to substitute Siemens Smart

Infrastructure for Siemens Industry Inc. [ECF No. 19]. In his motion for an extension, Plaintiff requests additional time to provide English-to-German translations of service documents on Foreign Defendants. [ECF No. 20]. Plaintiff states that he has already begun requesting bids for such services. *Id.*

II.    Concerns of the Court

As Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915, the court is required to review the complaint to determine if it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. Additionally, Rule 1 of the Federal Rules of Civil Procedure states that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." In that vein, and noting that Plaintiff may expend significant costs in having the service documents translated and served, the court expresses the following non-exhaustive concerns about the case as currently styled. The court cannot provide Plaintiff legal advice and makes no determinations on the legal issues raised below, but warns Plaintiff to seek counsel or engage in significant legal research before expending significant funds to serve Foreign Defendants.

Title VII Claims Limited to Employer

Plaintiff may only sue his *employer* under Title VII. Under Title VII, it is unlawful for an *employer* to "fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1). Here, it is likely that Plaintiff's Title VII claims against entities other than his employer will be dismissed. Additionally, ordinarily suit under Title VII may be brought "only 'against the respondent named in the [administrative] charge.'" *Alvarado v. Bd. of Tr's of Montgomery Cmty. Coll.*, 848 F.2d 457, 458 (4th Cir. 1988) (quoting 42 U.S.C. § 2000e-5(f)(1)). The court has not had an opportunity to view the Charge of Discrimination ("Charge") or determine whether an exception applies, but it appears multiple defendants are entitled to dismissal of Plaintiff's Title VII claim.

No Title VII Claims Against Individual Defendants

Circuit precedent precludes individual employee or supervisor liability for violations of Title VII. *See Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998). Therefore, Plaintiff's Title VII claims against the individual defendants will be dismissed.

FMLA Claims May be Barred by the Statute of Limitations

Plaintiff alleges FMLA interference beginning in 2015, the latest of which occurred in late 2017. He did not bring this lawsuit until March 2020. The statute of limitations for a claim under the FMLA is two years. 29 U.S.C. § 2617(c)(1). But, a three-year statute of limitations applies if the alleged violation was willful. *Id.* at § 2617(c)(2). A violation is "willful" if "the employer 'knew or showed reckless disregard [as to] whether its conduct was prohibited'" by the FMLA. *James v. Autumn Corp.*, No. 1:08CV777, 2009 WL 2171252, at *13 (M.D.N.C. July 20, 2009) (quoting *Settle v. S.W. Rodgers Co.*, 182 F.3d 909 (4th Cir.1 999)). The violation must involve "'more than mere negligence.'" *Id.* (quoting *Honeycutt v. Baltimore County, Maryland*, Civil No. JFM-06-0958, 2007 WL 1858691, at *3 (D.Md. June 18, 2007), *aff'd*, 278 F. App'x 292 (4th Cir. 2008)); *see Porter v. N.Y. Univ. Sch. of Law*, 392 F.3d 530, 531–32 (2d Cir.2 004). Although it is not clear from the face of the complaint, some or all of Plaintiff's FMLA claims may be barred by the statute of limitations.

Personal Jurisdiction

The court may not have personal jurisdiction against many of the defendants, particularly the Foreign Defendants. Personal jurisdiction arises out of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

5

There are two types of personal jurisdiction: general and specific. General jurisdiction is permissible under the due process clause when the defendant has an enduring relationship with the forum state, and his connection to and activities in the forum state are so substantial that the defendant would expect to be subject to suit there on any claim and would suffer no inconvenience from defending there. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952). A court has specific jurisdiction over a cause of action, which arises directly out of or relates to the defendant's forum state activities. *Id.* Because the South Carolina Supreme Court has held that the South Carolina long arm statute is deemed to reach the limits of due process, federal courts normally conduct a single inquiry under the due process clause. *Fed. Ins. Co. v. Lake Shore, Inc.*, 886 F.2d 654, 657 n. 2 (4th Cir. 1989).

The United States Supreme Court articulated a two-branch due process test for determining specific jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The first, the traditional minimum contacts branch, focuses on the defendant's connection with the forum state and the relationship between that connection and the litigation. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–76 (1985). The second branch is frequently referred to as the fairness, convenience, or reasonableness branch. Additionally, the Supreme Court has explained that due process requires further factual evaluation to determine whether an assertion of personal

jurisdiction comports with fair play and substantial justice. *See Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe Co.*, 326 U.S. at 320).

The plaintiff has the burden of establishing jurisdiction over the defendants. *New Wellington Fin. v. Flagship Resort Dev.*, 416 F.3d 290, 294 (4th Cir. 2005). Of particular significance here, a court cannot assert personal jurisdiction over a foreign parent corporation *solely* on account of the parent's subsidiary conducts business in the forum. *Mylan Lab., Inc. v. Akzo, N.V.*, 2 F.3d 56, 58–60 (4th Cir. 1993). The allegations contained in the complaint appear to be insufficient to assert personal jurisdiction against Foreign Defendants. However, personal jurisdiction is an affirmative defense that must be raised by defendants.

III.    Resolution of the Motions

With regard to Plaintiff's motion to amend, the court finds the motion is more appropriately construed as a motion for substitution. The court grants the motion and directs the Clerk of Court to substitute "Siemens Industry Inc." for the defendant currently named as "Siemens Smart Infrastructure."

Plaintiff's motion for an extension is also granted. Plaintiff is permitted until August 6, 2020, to comply with Judge Marchant's June 17, 2020 order and/or to file a motion to amend the complaint, which requires attaching a proposed amended complaint for the court's consideration.

IT IS SO ORDERED.

July 17, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge